UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

STEPHEN CARTER O'CONNOR,

    Debtor.

_____/

Case No. 20-12190
Hon. Denise Page Hood

STEPHEN CARTER O'CONNOR,

    Appellant/Debtor

v.

PARKSIDE PRESERVE OF WATERFORD
HOMEOWNER ASSOCIATION,

    Appellee/Creditor.

_____/

(Bank. Ct. Case No. 19-57039 )

## ORDER DISMISSING BANKRUPTCY APPEAL

**I.   BACKGROUND**

This matter is before the Court on an appeal from the Bankruptcy Court from an August 3, 2020 Order by the Bankruptcy Court denying the Debtor's Objections to Creditor Parkside Preserve of Waterford Homeowner Association's Proof of Claim. (ECF No. 1) On September 30, 2021, the previously-assigned district judge entered an Order denying Parkside's Motion to Dismiss the Appeal. (ECF No. 10) Supplemental briefs were thereafter filed by the parties. (ECF Nos. 14, 16)

O'Connor, an Air Force Veteran, suffers from Multiple Sclerosis and is disabled. He is unable to walk without a cane and is blind in one eye. O'Connor owns a home in Waterford Township, Michigan. O'Connor filed for bankruptcy protection because he claims Parkside had proceeded to foreclose on a Claim of Lien for delinquent Homeowner Association dues in the amount of $1,909.

O'Connor filed a Voluntary Chapter 13 Petition for Bankruptcy on December 4, 2019. (Bankruptcy Record, ECF No. 12, PageID.218-.266) Parkside filed its Proof of Claim on February 24, 2020. (ECF No. 12, PageID.286-88) O'Connor filed an Objection to Parkside's Claim Number 6 on May 20, 2020. (ECF No. 12, PageID.284-85; PageID.304-13, PageID.360-69) Parkside filed an Opposition and Response to O'Connor's Objection on June 17, 2020. (ECF No. 12, PageID.293-95) A reply was filed by O'Connor to Parkside's Response on June 22, 2020. (ECF No. 12, PageID.296-99) The Bankruptcy Court held a hearing on O'Connor's Objection on June 24, 2020 (ECF No. 12, PageID.372-92) and August 3, 2020 (ECF No. 12, PageID.393-.414). The Bankruptcy Court overruled O'Connor's Objection on the record on August 3, 2020 and in an Order Overruling Debtor's Objection to Creditor's Proof of Claim Number 6 filed August 3, 2020. (ECF No. 12, PageID.370-71) O'Connor submitted a Second Amended Chapter 13 Plan on April 11, 2021 (ECF No. 12, PageID.415-31) and an Order Confirming the Plan was entered by the Bankruptcy

Court on May 5, 2021 (ECF No. 12, PageID.432-34).

O'Connor in his briefs states that the issues presented on appeal is "[w]hether Creditor/Appellee attorney fees and costs for collection were not reasonable?" (ECF No. 8, PageID.164 and ECF No. 14, PageID.442) Parkside responds that the issue of "reasonableness" was not raised by O'Connor before the Bankruptcy Court.

## II.   ANALYSIS

The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. § 158(a)(1). The bankruptcy court's order overruling a debtor's objections to claims is a final order. *In re Morton,* 298 B.R. 301, 303 (6th Cir. BAP Sept. 12, 2003). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476-77 (6th Cir. 1996); Bankr. R. 8013. "[A] finding is 'clearly erroneous' 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation omitted).

In bankruptcy proceedings, a proof of claim is "a written statement setting forth a creditor's claim." Fed. R. Bank. P. 3001(a). "A proof of claim executed and filed in

accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bank. P. 3001(f). To defeat a validly filed proof of claim, an objector must come forward with sufficient evidence to "refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3rd Cir.1992); *see also Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991) (an objector must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.") If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant. *Id.*

As an equitable determination, the bankruptcy court's decision to award attorney fees is reviewed for abuse of discretion. *In re Biondo,* Case No. 21-11462, 2022 WL 2512789 *2 (E.D. Mich. Jul. 6, 2022). An abuse of discretion is "a definite and firm conviction that the [bankruptcy court] committed a clear error of judgment. The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 529 (6th Cir. 2002) (citations omitted). A

4

generalized protest that the bankruptcy court failed to apply the "lodestar method" for determining a reasonable attorney fee is conclusory assertion where it was not raised before the bankruptcy court. *In re White,* Case No. 05-71694, 2007 WL 9700881 *4 (E.D. Mich. Mar. 13, 2007). It is not necessary for the bankruptcy court to engage in a more extensive analysis or exhaustively address each and every possible consideration that the courts have identified as potentially relevant to the determination of a reasonable fee. *Id.*

At the August hearing, O'Connor's counsel argued the reasonableness of Parkside's attorney fees in the amount of $6,090. (ECF No. 12, PageID.400) As noted by the Bankruptcy Court, the issue of the fee being unreasonable was not raised on the papers. (*Id.* at PageID.401) O'Connor argued that the Proof of Claim should only indicate $1,900 for unpaid fees, and that the attorney fees related to the foreclosure is not reasonable and should be stricken. (*Id.* at PageID.408) Parkside responded that the homeowners association documents indicate that in addition to assessment, the cost of collection is also allowed. (*Id.*) The Bankruptcy Court indicated that after further review of the documents and O'Connor's reasonableness of attorney fee argument, he would rule on the matter.

In its Order Overruling Debtor's Objection to Creditor's Proof of Claim Number 6, which supplemented the Bankruptcy Court's oral ruling, the Bankruptcy

5

Court overruled O'Connor's Objection and allowed Parkside's secured claim in the amount of $8,564. (ECF No. 12, PageID.370) The Bankruptcy Court quoted Parkside's Declaration of Covenants, Conditions and Restrictions which stated that "the allowance of such costs and reasonable attorneys' fees would be taxable in the foreclosure of a mortgage." (*Id.*) The Bankruptcy Court found that the "Creditor's attorneys' fees in connection with enforcing the lien–i.e., the hourly rate and numbers of hours expended–are reasonable." (ECF No. 12, PageID.371)

O'Connor raises an evidentiary issue on appeal in that Parkside should have presented evidence to support its claim as to the cost of collection that meets the applicable factors in determining reasonable attorney fees. The appeal is as to a question of fact and the court must uphold the bankruptcy court's findings unless they are clearly erroneous.

As set forth above, the bankruptcy rules provide that Parkside's Proof of Claim is *prima facie* evidence of the validity and amount of the claim. O'Connor, therefore, carries the burden of going forward with evidence to overcome the *prima facie* validity and amount of Parkside's claim. No such evidence was submitted before the Bankruptcy Court, other than O'Connor's arguments that the cost of collection was unreasonable.

Based on a review of the Bankruptcy Court's Order, rulings from the Bench and

6

the documents and record before the Bankruptcy Court, the Court finds that the Bankruptcy Court did not abuse its discretion nor were such clearly erroneous in overruling O'Connor's Objections to Parkside's Proof Claim and its findings that the attorney fees were reasonable in connection with enforcing the lien. The Bankruptcy Court properly found that Parkside's homeowner documents allowed for costs and reasonable attorney fees if it had to enforce the unpaid assessments. The Bankruptcy Court expressly found that the hourly rate and the numbers of hours expended were reasonable. This finding is part of the lodestar figure courts must consider in finding attorney fees reasonable. O'Connor's oral arguments regarding the reasonableness of the attorney fees, were not based on the reasonableness of the hourly rate or hours expended in enforcing the lien, but that the attorneys' fees should not have been included at all in the Proof of Claim–that only the delinquent assessment fees should be included. However, as noted by the Bankruptcy Court, Parkside's homeowner association documents expressly provide for costs and attorney fees as part of any collection efforts in the enforcement of its lien. The Court finds that the Bankruptcy Court's findings and conclusions of law were properly made and is affirmed.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Bankruptcy Court's Order is AFFIRMED and the

Appeal is DISMISSED with prejudice.

                                                           s/Denise Page Hood
                                                           DENISE PAGE HOOD
                                                           United States District Judge

DATED: September 26, 2022